**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSEPH ALEXANDER,                      :   Case No. 1:26-cv-98
                                       :
    Plaintiff,                     :
                                       :
vs.                                    :   District Judge Jeffery P. Hopkins
                                       :   Magistrate Judge Stephanie K. Bowman
                                       :
DAWN HILL-KEARSE, OHIO, et al.,        :
                                       :
    Defendants.                    :


**REPORT AND RECOMMENDATION**

Plaintiff filed a "complaint for a civil case" on January 30, 2026 against Defendants Dawn Hill-Kearse and Sergio Jimenez in this Court. (Doc. 1). On January 30, 2026 a Notice of Deficiency was issued. (Doc. 2). The Notice was returned to the Court marked "RETURN TO SENDER NO SUCH NUMBER UNABLE TO FORWARD" on March 30, 2026. (Doc. 3).

Ordinarily the Court would issued an Order for Plaintiff to show cause why this action should not be dismissed for want of prosecution on account of Plaintiff's failure to respond to the Notice or keep the Court informed of his current address. However, for the reasons stated below, it is recommended that this action be dismissed. See 28 U.S.C. § 1915(e)(2)(B).

In its entirety, Plaintiff includes the following factual allegations in the Complaint: "Upon information and belief, Defendants conspired together and intentionally delayed the calendar of motions, in violation of due process." (Doc. 1-1 at PageID 3).  In order to avoid dismissal under 28 U.S.C. § 1915(e)(2)(B), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," which requires that

"plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 144, 556, 570 (2007)) (internal quotation marks omitted). Plaintiff's "naked assertion devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has pled insufficient factual content to state a claim for relief. *See Twombly,* 550 U.S. at 5. *See, e.g.*, *Miller v. Ohio Dep't. Rehab. & Corr.*, Case No. 1:20-cv-597, 2020 WL 5369059, at *2 (S.D. Ohio Aug. 5, 2020) ("Without any allegations of wrongdoing on the part of the named defendants the complaint is subject to dismissal.") (Report & Recommendation), *adopted*, 2020 WL 5230886 (S.D. Ohio Sept. 2, 2020).

In addition, Plaintiff has filed the same or similar complaints in approximately sixty other United States District Courts. As explained by the District Court for the Northen District of Texas:

> On January 23, 2026, Plaintiff Joseph Alexander sued Defendants Dawn Hill-Kearse and Sergio Jimenez. Dkt. No. 1. The Complaint states only that the "Defendants conspired together and intentionally delayed the calendar of motions, in violation of due process[.]" Dkt. No. 1 at 1. Alexander seeks $500,000 in damages. Id. Alexander has also filed an application to proceed IFP. Dkt. No. 4.
>
> However, Alexander's claims are duplicative of those he is presently pursuing in many federal courts nationwide. The PACER Case Locator confirms that in January 2026, Alexander filed identical, bare-bones complaints against the same defendants in nearly 60 U.S. District Courts, signaling that he is an abusive litigant. *See, e.g., JOSEPH ALEXANDER, Plaintiff, v. DAWN HILL-KEARSE & SERGIO JIMENEZ, Defendants. (ALEXANDER)*, No. 1:26CV00022, 2026 WL 353616 (W.D. Va. Feb. 9, 2026) (dismissing Alexander's claims as fictitious and identifying ten other cases filed by the same plaintiff). It also appears that "Alexander" is a fictitious name being used by a vexatious litigant to bypass injunctions against filing unauthorized civil actions. *Id*. at *2 (noting that Fei Fei Gu, a

2

"frequent filer of federal lawsuits[,]" filed lawsuits against the same defendants that appear facially similar).

The address provided by the Plaintiff also appears to be fictitious. While the return address in Plaintiff's envelope is in Seattle, Washington, his envelope was post-marked in New York. Dkt. No. 1 at 2. The Court's Notice and Instruction to Pro Se Party, Dkt. No. 2, and Notice of Right to Consent to Proceed before a U.S. Magistrate Judge, Dkt. No. 3, were also returned as undeliverable. Dkt. No. 7. Instead, it appears that Alexander's address—or, more accurately, Gu's address—is "2526 85th Street, Brooklyn, NY 11214." *ALEXANDER*, 2026 WL 353616, at *2.

*Alexander v. Hill-Kearse*, No. 1:26-cv-31 (N.D. Tx. Feb. 13, 2026) (recommending that the Court dismiss the case with prejudice as duplicative and malicious) (Report and Recommendation), *adopted* (N.D. Tx. Mar. 6, 2026).

The Complaint filed in this case—identical to that filed in the Northern District of Texas, as well as in many other District Courts—contains insufficient factual content to state a claim for relief and is otherwise duplicative of at least forty-five other actions filed prior to the instant case.[1] It is therefore **RECOMMENDED** that this action be **DISMISSED** with **PREJUDICE**.  *See* 28 U.S.C. § 1915(e)(2)(B).

It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

   s/Stephanie K. Bowman
Stephanie K. Bowman
United States Chief Magistrate Judge

---

[1] A PACER search of Plaintiff's case activity reveals forty-five cases filed by Plaintiff Joseph Alexander against Hill-Kearse and Jimenez prior to filing the instant action. As noted by the United States District Court for the Western District of Virgina, Plaintiff has also filed lawsuits with differently named plaintiffs. *See Alexander v. Hill-Kearse*, No. 1:26-cv-022 (W.D. Va. Feb. 9, 2026) (collecting cases).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSEPH ALEXANDER,                                         :    Case No. 1:26-cv-98
                                                          :
          Plaintiff,                                      :
                                                          :
vs.                                                       :    District Judge Jeffery P. Hopkins
                                                          :    Magistrate Judge Stephanie K. Bowman
DAWN HILL-KEARSE, OHIO, et al.,                           :
                                                          :
          Defendants.                                     :

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4